UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER SILENT,

                  Petitioner,

    -against-

ERIC HOLDER et al.,

                 Respondent.
-------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-cv-1981 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 4 - 2013 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

## INTRODUCTION

Petitioner Christopher Silent, appearing *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 23, 2012. For the reasons set forth below, the petition is denied as moot.

## BACKGROUND

Silent, a citizen of Jamaica, entered the United States as a lawful permanent resident in 1984. In 1993, Silent was convicted in New York state court of second degree robbery and second degree burglary. On December 8, 1994, Silent pleaded guilty before this Court to carjacking under 18 U.S.C. § 2119. The Court sentenced him to 74 months' imprisonment on February 9, 1995. See United States v. Silent, No. 94-CR-1174 (CBA). He did not appeal. Silent served this sentence and was released from federal custody. In 2003, Silent was again convicted of second degree robbery in New York state court and sentenced to seven years' incarceration. He was released from custody on May 12, 2009.

On April 5, 2011, the United States Department of Homeland Security ("DHS") initiated removal proceedings against Silent based upon the federal carjacking and New York state

1

robbery and burglary convictions. He was subsequently taken into Immigration and Customs Enforcement ("ICE") custody pursuant to the mandatory detention provisions of Immigration and Nationality Act ("INA") § 236(c), codified at 8 U.S.C. § 1226(c).[1] On July 14, 2011, Silent petitioned this Court to set aside his federal carjacking conviction pursuant to 28 U.S.C. § 2255, but that petition was denied because Silent was no longer in federal custody. Silent v. United States, No. 11-cv-3444 (CBA). On October 31, 2011, Silent petitioned this Court for a writ of error *coram nobis* to vacate his carjacking conviction, but the Court denied that petition on the merits on September 19, 2012. Silent v. United States, No. 11-cv-5359 (CBA).

On October 12, 2011, an Immigration Judge ordered Silent removed from the United States, (Pet., D.E. #1 at 4), and the Board of Immigration Appeals ("BIA") affirmed the order on March 15, 2012, (*id.*). On March 26, 2012, Silent appealed his final order of removal to the United States Court of Appeals for the Second Circuit Court and requested a stay of removal pending the appeal. (Silent v. Holder, No. 12-1192, D.E. #1 (2d Cir. Mar. 26, 2012).) While that appeal was pending, Silent filed the instant petition.[2] Silent subsequently moved to withdraw both his appeal and request for a stay of removal. The Second Circuit granted the motion on August 15, 2012. (*Id.*, D.E. #43 (2d Cir. Aug. 15, 2012).) By letter dated March 15, 2013, respondent informed the Court that Silent was removed from the United States to Jamaica on November 1, 2012. (Resp. Letter, Mar. 15, 2013, D.E. #12 ex. C).

---

[1] Title 8, Section 1226(c)(1) of the United States Code provides that "The Attorney General shall take into custody any alien who... is deportable by reason of having committed [certain criminal offenses]...when the alien is released."

[2] Silent also filed a habeas petition pursuant to 28 U.S.C. § 2241 on January 9, 2012 in the United States District Court for the Northern District of Alabama, the district where Silent was serving his immigration detention. This petition raised substantially the same claims as those raised in the instant petition. (Silent v. Holder, No. 12-cv-75 (N.D. Ala).) That petition was denied on September 27, 2012. (Resp. Letter, Mar. 15, 2013, D.E. #12 ex. B)

## DISCUSSION

In this petition, Silent claims that he should not be subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because was not immediately taken into ICE custody following his release from New York state custody in May 2009. (Pet. at 1-2, 23-27.) He further contends that the length of his detention without adequate custody reviews and bond hearings violates due process. (*Id.* at 13-23, 27-31.) Silent seeks an individualized bond hearing and "release from custody, under reasonable conditions of supervision" pending resolution of his Second Circuit appeal. (*Id.* at 33; Traverse, D.E. #10 at 12.)

Deportation may render a § 2241 petition moot if it no longer presents a "case or controversy" within the meaning of Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "[T]o satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). For a habeas petitioner who has been deported to demonstrate a case or controversy, "a 'concrete and continuing injury' that is a 'collateral consequence' of the detention and can be remedied by granting the writ must exist." So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Spencer, 523 U.S. at 7).

Silent challenges only the length and validity of his detention pending removal, and his only requests for relief are a bond hearing and release pending appeal. In these circumstances, there is no continuing controversy subject to redress by the Court. See id. (petitioner's "challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS" was rendered moot by deportation, as it was "impossible to grant his request for supervised release or release on bond or supervision"); Pierrilus v. ICE, 293 F. App'x 78, 79 (2d Cir. 2008) (release from custody rendered petitioner's challenge to the length of immigration detention moot);

Jackson v. Holder, No. 12-cv-5190, 2012 WL 4458692, at *1 (S.D.N.Y. Sept. 27, 2012) (deportation rendered petitioner's request to be released from immigration custody moot). The petition is denied as moot.

## CONCLUSION

For the above reasons, the petition for a writ of habeas corpus is denied. The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 3, 2013
Brooklyn, N.Y.

                                           s/Carol Bagley Amon
                                           Carol Bagley Amon
                                           Chief United States District Judge